IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL GAUCHE, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| MR. MAHALLY, et al., | : | |
| Respondents. | : | No. 14-5181 |

## REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a petition for Writ of Habeas Corpus, filed

pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional

Institution-Dallas, in Dallas, Pennsylvania. For the reasons that follow, it is recommended that

the petition be DENIED.

I.      PROCEDURAL HISTORY

In 1981 and 1982, following a jury trial in the Court of Common Pleas of Bucks

County, petitioner was convicted of robbery, theft, two counts of simple assault, two counts of

indecent assault, two counts of rape, two counts of unlawful restraint, and one count of indecent

exposure and was subsequently sentenced to an aggregate term of twenty (20) to forty (40)

years' imprisonment. Additionally, on October 5, 1990, petitioner was convicted in the Court of

Common Pleas of Luzerne County of one count of possession of drug paraphernalia and

sentenced to a consecutive fifteen (15) days of incarceration. See Resp. to Habeas Pet., Ex. 2

(Report and Recommendation).

On June 9, 2004, petitioner filed a petition for Writ of Habeas Corpus in the

United States District Court for the Middle District of Pennsylvania.  In his petition, petitioner

maintained, in part, he was granted "constructive parole" in 1991 on his initial 1981 sentence of

ten (10) to twenty (20) years' incarceration, and he began his "second and final" sentence of ten

(10) to twenty (20) years' incarceration in 1991.  Petitioner stated in 2000, however, the

Department of Corrections ("DOC") unlawfully aggregated his sentences, and, as a result, his

"constructive parole" was rescinded in violation of his due process rights under the Fourteenth

Amendment to the United States Constitution.  See id.  On June 3, 2005, petitioner's petition for

Writ of Habeas Corpus was denied on the merits.  Id.

On September 3, 2014, petitioner filed the instant pro se petition for Writ of

Habeas Corpus.[1]  Petitioner maintains:

1. The Pennsylvania Board of Parole deprived petitioner's right to Due Process in violation of the Fourteenth Amendment to the United States Constitution by revoking petitioner's consecutive parole without conducting a parole revocation hearing and rescinding petitioner's constructive parole and reinstating the original sentence;

2. The Department of Corrections abused its discretion in violating petitioner's right to Due Process in changing the Bucks County sentence structure; and

3. Petitioner is being unlawfully imprisoned past the expiration of his Bucks County Sentence.

See Habeas Pet. at 8-12.

Respondents contend the instant habeas petition should be dismissed as a second

or successive petition.  Upon independent review, we agree the habeas petition constitutes a

second or successive petition, and we recommend the instant petition be dismissed.

---

[1] Although the habeas petition was not docketed by this court until September 8, 2014, (Doc. 1), the "mailbox rule" applies.  Under the "mailbox rule," a pro se prisoner's habeas petition is considered filed on the date the prisoner delivers the complaint to prison authorities for filing.  See Houston v. Lack, 487 U.S. 266, 276 (1988).  Here, petitioner signed his petition on September 3, 2014, so we will presume petitioner delivered it to authorities for filing on that date as well.

II.     DISCUSSION

Congress established procedural and substantive requirements governing "second or successive" habeas petitions through section 2244 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  28 U.S.C § 2244; see also Benchoff v. Colleran, 404 F.3d 812, 815 (3d Cir. 2005).  As a procedural matter, section 2244 provides a "gatekeeping mechanism" for consideration of second or successive applications for habeas review in federal courts.  Stewart v. Arizona Dep't of Correction, 523 U.S. 637, 641 (1998) (internal quotations and citations omitted); 28 U.S.C. § 2244(b).  A petitioner seeking to file a second or successive writ of habeas corpus pursuant to 28 U.S.C. § 2254 must first obtain approval from the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).  A court of appeals' decision to grant or deny authorization to file a second or successive application "shall not be appealable and shall not be the subject of a petition for rehearing or for writ of certiorari."  28 U.S.C. § 2244(b)(3)(E).  It is well established in the Third Circuit that "[w]hen a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 8 U.S.C. § 1631."  Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).

As a substantive matter, the AEDPA provides that any claim presented in a second or successive habeas corpus application that was previously raised in a prior application shall be dismissed.  28 U.S.C. § 2244(b)(1).  If a claim presented in a second or successive habeas application was not previously raised, this claim shall also be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). "Unless both the procedural and substantive requirements of § 2244 are met, the [d]istrict [c]ourt lacks authority to consider the merits of the petition." Benchoff, 404 F.3d at 816.

While the AEDPA does not expressly define "second or successive," courts in the Third Circuit have referred to the pre-AEDPA "abuse of writ" doctrine for interpreting the meaning of these two terms. Benchoff, 404 F.3d at 817 (citations omitted). The abuse of writ doctrine suggests courts treat the use of "second or successive" as a term of art, meaning a petition following an earlier federal habeas corpus petition is not automatically second or successive. Id. Nonetheless, the doctrine also makes it clear that claims that could have been raised in an earlier habeas petition should be dismissed. Id. A petition is not considered "successive" if the initial petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniels, 529 U.S. 473, 485–87 (2000) (noting if federal habeas petition is dismissed without prejudice for failure to exhaust state court remedies, later post-exhaustion petition is not considered to be "second or successive" for purposes of § 2244(b)); see also Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (noting petition raising identical claim raised in earlier petition that was dismissed as premature is not "second or successive").

Petitioner's first habeas petition was denied on the merits. In the instant habeas petition, petitioner raises either the same or similar claims that were in his previous petition. Moreover, he fails to argue why the instant claims could not have been raised at the time of his previous petition. As such, we find the instant habeas petition to be a second or successive

petition. Moreover, there is no indication petitioner sought permission from the Third Circuit Court of Appeals to file a second habeas petition in district court under § 2244(b)(3). Accordingly, because petitioner did not seek authorization from the Third Circuit to file a second or successive petition, the district court lacks subject matter jurisdiction to review the instant petition. See 28 U.S.C. § 2244(b)(3)(A). As such, habeas relief must be denied.[2]

Therefore, I make the following:

### RECOMMENDATION

AND NOW, this 29th day of May, 2015, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED. Further, there is no probable cause to issue a certificate of appealability.

BY THE COURT:


/s/ LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

---

[2] Through its own research, this court discovered petitioner is currently litigating claims similar to those brought in the instant habeas petition in state court. Petitioner's state court claims do not, however, change this court's determination that petitioner's petition is second or successive.