IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOEL GAUCHE, | : |
| Petitioner, | : |
| | : |
| v. | : Civ. No. 14-5181 |
| | : |
| MR. MAHALLY, et al., | : |
| Respondents. | : |

# **O R D E R**

On May 29, 2015, Magistrate Judge Caracappa recommended that I deny the instant Petition for a Writ of Habeas Corpus as an unauthorized second or successive petition. (Doc. No. 13.) The Parties had fourteen days to file objections. (Doc. No. 13-2.) On June 15, 2015, after receiving no timely objections and after independent review of the Petition and Report, I approved and adopted the Report, dismissed the Petition with prejudice, and declined to issue a Certificate of Appealability. (Doc. No. 15.)

On June 16, 2015, the Clerk received and docketed Petitioner's objections to the Report and Recommendation. (Doc. No. 16.) The objections were dated June 11, 2015. (Id. at 3.) Assuming *arguendo* that Petitioner delivered the objections to prison officials for mailing on June 11, the objections would be timely under the prisoner mailbox rule. Perry v. Diguglielmo, 169 Fed. App'x 134, 136 n. 3 (3d Cir. 2006). Accordingly, I will vacate my previous Order dismissing the Petition and will consider Petitioner's objections.

Petitioner raises two objections to the Report, both meritless. He first argues that Judge Caracappa "failed to address whether a liberty interest had been violated." (Doc. No. 16 at 1.) Judge Caracappa did not need to reach the merits of Petitioner's claims, however, because the Petition was an unauthorized second or successive Petition. As Judge Caracappa explained, Petitioner unsuccessfully filed for habeas relief in June 2004. (Doc. No. 13 at 2.) In the instant

Petition, he raises "either the same or similar claims that were in his previous petition" and "fails to argue why the instant claims could not have been raised at the time of his previous petition." (Id. at 4.) Accordingly, absent authorization from the Court of Appeals, the instant Petition must be dismissed. See 28 U.S.C. § 2244(b)(3)(A); Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). Petitioner next argues that Judge Caracappa "failed to address and overlooked relevant evidence[,] facts, records, and state policy that should have afforded [P]etitioner with Time Credit . . . before rescinding his parole." (Doc. No. 16 at 1.) Again, there was no need to inquire into the merits or underlying facts because this was an unauthorized second or successive Petition.

**AND NOW**, this 17th day of June, 2015, upon consideration of the Petition for a Writ of Habeas Corpus, and after review of the Report and Recommendation of Magistrate Judge Caracappa and Petitioner's Objections, it is hereby **ORDERED** that:

1. My Order of June 15, 2015 (Doc. No. 15) is **VACATED**.

2. Petitioner's Objections (Doc. No. 16) are **OVERRULED**.

3. The Report and Recommendation (Doc. No. 13) is **APPROVED** and **ADOPTED**.

4. The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED with prejudice**.

5. Because Petitioner has not made a substantial showing of the denial of a constitutional right, there are no grounds on which to issue a certificate of appealability.

6. The Clerk shall mark this case as **CLOSED**.

        **AND IT IS SO ORDERED.**

        */s/ Paul S. Diamond*
        _____
        Paul S. Diamond, J.